IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JUSLENE JULSAINT,                        :
JUSTINVIL JULSAINT,                      :    C.A. No. K16C-05-022 WLW
individually and as Guardian Ad          :
Litem of Eddie JulSaint, and             :
EDDIE JULSAINT, a minor,                 :
                                         :
              Plaintiffs,                 :
                                         :
       v.                                 :
                                         :
LUIS FELIPE TAPIA RAMOS and              :
LUZ Y ROMERO-ESCALERA,                   :
                                         :
              Defendants.                 :

Submitted: July 3, 2017
Decided: October 4, 2017

**ORDER**

Upon Defendants' Motion to Dismiss for
Failure to Perfect Timely Service.
*Granted.*

Nicholas H. Rodriguez, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiffs.

Nicholas E. Skiles, Esquire of Swartz Campbell LLC, Wilmington, Delaware; attorney for Defendants.

WITHAM, R.J.

## FACTS AND PROCEDURAL HISTORY

Before the Court is Defendant Luis Felipe Tapia Ramos and Luz Y Romera-Escalera's (hereinafter the "Defendants") motion to dismiss for failure to perfect timely service. Defendants move the Court to dismiss a complaint brought by Juslene, Justinvil, and Eddie Julsaint (hereinafter the "Plaintiffs") seeking to recover for damages resulting from a vehicular collision.

Plaintiffs filed their complaint in this matter on May 18, 2016. A summons was issued to the sheriff for service on May 26 and on June 1, 2016, Plaintiffs' writs were returned bearing "non est" service at 7 Front Street, Frederica, Delaware, believed to be Defendants' last known residence. The sheriff reported the residence had been demolished. On July 15, 2016, Defense counsel entered his appearance in this matter on behalf of Defendants. Plaintiffs made a motion to have a special process server appointed on July 18, 2016, but withdrew the motion the next day, upon noting the entrance of Defense counsel's appearance. On October 3, 2016, Defendants responded to the complaint arguing, inter alia, that the Court lacked jurisdiction over the Defendants due to insufficiency of process and service of process. Defense counsel went on to participate in a Court-requested teleconference with Plaintiffs' counsel. On January 5, 2017, Defendants served Plaintiffs with certain discovery requests, including interrogatories and requests for production of documents.

## THE PARTIES' CONTENTIONS

In their motion, the Defendants contend that the attempts at service were ineffective, as they did not comply with the methods of proper service prescribed by

Delaware law. Defendants go on to argue that because service of process is a jurisdictional requirement, dismissal is warranted.

Plaintiffs response does not deny that their efforts to serve Defendants were insufficient, and such is deemed admitted. Plaintiffs further admit that they abandoned efforts to serve the Defendants, withdrawing their motion to appoint a special process server, and taking no further efforts to serve Defendants, or file a motion to extend time to effectuate service. The Plaintiffs allege that Defense counsel's entrance of appearance, participation in a telephone conference, and service of discovery requests upon Plaintiffs, created the impression that improper service was waived and that Plaintiffs "reasonably believed that service was admitted." Therefore, Plaintiffs argue, the failure to serve process on Defendants was a result of excusable neglect, and dismissal is improper. Finally, Plaintiffs contend that the motion presents matters outside the pleadings and require the Court to convert the motion to dismiss into a motion for summary judgment.

## STANDARD OF REVIEW

As an initial matter, the Court has discretion either to exclude the matters outside the pleading or convert the motion to a motion for summary judgment. The Court declines to consider the motion as a motion for summary judgment. Accordingly, the Court will not consider any factual allegations in the motion which are outside the pleadings or that contradict the complaint.

When considering a motion to dismiss filed on grounds of insufficient service of process, this Court's standard of review is narrow. Delaware Superior Court Civil

Rule 4 governs procedure regarding service of process. Rule 4(j) requires the plaintiff serve the defendant with a summons and complaint "within 120 days after the filing of the complaint." Public policy "favors permitting a litigant a right to a day in court," and to that end, the Court is vested with discretion to grant an extension to the 120–day deadline if the plaintiff can make a showing of "good cause," as to why service was not effectuated in a timely fashion. Proper service of process is a jurisdictional requirement, and thus a failure to demonstrate good cause requires dismissal without prejudice.

To demonstrate good cause, the plaintiff must make a showing of "excusable neglect," i.e., that there was "some reasonable basis for noncompliance within the" 120-day deadline. Put another way, excusable neglect is "neglect which might have been the act of a reasonably prudent person under the circumstances." Whether a party's refusal to act constitutes excusable neglect is a matter of judicial discretion.

## DISCUSSION

In Plaintiffs' response to the motion to dismiss, Plaintiffs assert "[a]t all times relevant to the matter, Plaintiffs operated under a good faith assumption that any claim for improper service was waived, as Defendants did not pursue it." This assumption, Plaintiffs claim, was based on (1) the entrance of Defense counsel's appearance, (2) his participation in a teleconference, and (3) his service of discovery requests on Plaintiffs.

Upon the Court's review of Plaintiffs' response, it is not clear whether Plaintiffs are alleging that Defendants waived service or merely that Plaintiffs reasonably believed that Defendants had done so. Plaintiffs carry the burden of demonstrating

4

service of process or waiver of that requirement. No case law has been presented tending to establish that, on these facts, Defendants have waived the service requirement. Because Plaintiffs have not carried their burden, the Court does not find that Defendants waived the service requirement. The Court's review is then solely on the issue of whether Plaintiffs' failure to effectuate timely service requires dismissal.

The Court finds Plaintiffs did not make diligent efforts to serve Defendants. Plaintiffs withdrew their motion to appoint special process server, and apparently abandoned attempts to serve Defendants on July 19, 2016, with approximately 60 days remaining before the deadline ran. There was ample opportunity to serve Defendants within that time, but Plaintiffs elected not to do so.

The remaining, and critical, inquiry is whether a reasonably prudent person might have abandoned attempts to serve Defendants given defense counsel's actions. First, the Court finds that defense counsel's mere entry of appearance does not give rise to the reasonable conclusion that Defendants were waiving the defense of insufficient service of process. Additionally, defense counsel's participation in a teleconference requested by the Court to handle scheduling issues does not indicate a waiver of service. By responding to the Court's requests, defense counsel was acting appropriately, and in no way "abandoned a solely defensive posture and become an actor in the cause."

While Defense counsel participated actively in the discovery process, such did not occur until January of 2017, long after 120 days passed since the complaint was filed in May of 2016. Defendants' discovery requests served in January of 2017 offer

no explanation as to why process was not served before the 120-day deadline passed on September 15, 2016. Further, as indicated above, Plaintiffs have presented no legal authorities suggesting that the filing of discovery requests would reasonably lead one to believe service of process was waived.

A reasonably prudent person would not have abandoned efforts to comply with this Court's jurisdictional requirements absent some more tangible indicator that service was admitted. This Court's determination might be different if the Plaintiffs had alleged, for example, that defense counsel took steps to mislead Plaintiffs as to whether Defendants would pursue the defense of improper service. However, such is not the case here. Here, the Plaintiffs candidly admit that they assumed the defense of improper service was waived, and apparently have no basis in case law or other binding authority justifying this assumption.

The Court exercises its judicial discretion to determine that Plaintiffs did not act with excusable neglect and had no good cause for their failure to serve process on Defendants.

WHEREFORE, Defendants' Motion to Dismiss is GRANTED. IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh